# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Dennis A. Verrett, Jr. individually and as parent and next friend of T.S.V.

Plaintiffs,

vs.

Independent School District #625

Defendant.

Court File No. _____

Case Type:   Const. Discrimination

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

---

The Plaintiffs, hereby demand a trial by jury and for their claims against Defendant, states and allege as follows:

**Parties, Jurisdiction and Venue**

1. This is an action under Equal Educational Opportunities Act, Title VI of the Civil Rights Act of 1964, Fourteenth Amendment of the United States Constitution, Saint Paul Human Rights Ordinance, and Minnesota Human Rights Act.

2. That at all times material herein, Plaintiffs Dennis A. Verrett, Jr. and minor child T.S.V. are and were residents of the State of Minnesota.

3. That at all times material herein, Defendant is a Minnesota school district located in the State of Minnesota.

4. This Court has subject-matter jurisdiction over Plaintiffs' claims arising under federal law pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has jurisdiction to award declaratory and injunctive relief

1

pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court may exercise supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this district.

**Factual Background**

8. Through this reference, Plaintiffs incorporate the extensive and detailed Findings of Fact set forth in the City of Saint Paul Human Rights Division's Memorandum of Findings, attached as Exhibit A.

9. That Plaintiff Dennis A. Verrett, Jr.'s minor child T.S.V. was enrolled as a 5th grade student at Defendant's institution Expo Elementary School for Excellence during the 2016-2017 school year.

10. Plaintiff Dennis A. Verrett, Jr. carefully selected this particular school for its ranking as an excellent academic environment for his minor child and drove the child to school daily 30 minutes each way and had to sign special enrollment agreements because this school did not have bus service available to his residence to bring the child to school.

11. Plaintiff Dennis A. Verrett, Jr. had more children than just T.S.V. attending this school and was regularly at the school involved in his children's education including volunteering at the school.

12. That approximately twenty-one percent of the Expo Elementary fifth grade-class is African American.

13. That on or about June 8, 2017, Plaintiff's minor child T.S.V. was in a fifth-grade science class at Defendant's institution, where T.S.V. was one of a small number of African American students.

14. That on or about June 8, 2017, the science teacher, an employee of Defendant, "brought up" the achievement gap between white and black students and gestured with his hands to one group of white students and then to another group of black students in the classroom and used the term black students to make his point that black students do not achieve at the same level as white students.

15. There were three African American students in the classroom all siting near one another. T.S.V. was behaving appropriately but the other two students sitting near T.S.V. were being disruptive and the teacher explained to the entire class that the disruptive behavior by the black students was the reason for the achievement gap and their lack of learning as well as the group of white students.

16. That on or about June 8, 2017, the science teacher, an employee of Defendant, did not explain the systemic causes of the achievement gap or discuss the achievement gap in the context of the historical racism and discrimination against people of color within the country.

17. That Plaintiff's minor child T.S.V. left the room crying and was brought to the Assistant Principal's office where the Assistant Principal, employee of Defendant, showed the child online statistics of the achievement gap and used this to assure the 5th grader that the science teacher was correct in his allegations that black students do not achieve at the same rate academically as white students indicating the black students achieve at a lower rate academically due to their behavior.

18. The science teacher in a later meeting regarding the matter admitted to the Assistant Principal and the Plaintiff's minor child T.S.V. that "he didn't mean to say that."

19. Plaintiff's minor child T.S.V. was required by the Assistant Principal to fill out a Behavioral Reflection form, Exhibit B, and incorporated by referenced.

20. The Behavioral Reflection form is used to help students reflect on their poor behavior and state what they should do in the future if they find themselves in a similar situation. T.S.V. did not feel that T.S.V. had done anything wrong to reflect upon.

21. On June 8, 2017, Plaintiff Dennis A. Verrett, Jr. was volunteering on a field trip for another one of his children who attended the school.

22. Plaintiff Dennis A. Verrett Jr. went to the school after hearing of the incident on the afternoon of June 8, 2017, and found the Assistant Principal in the parking lot leaving work and confronted her. His questions and concerns were met with hostility and he was treated in a disrespectful and argumentative manner.

23. The Plaintiff Dennis A. Verrett Jr. and the minor child's mother both met multiple times with officials from the school district during the summer of 2017 to discuss the school taking actions to remedy the incident and prevent future incidents of the same nature.

24. The minor child's mother sent multiple emails to school officials seeking updates on the progress of the investigation and any plans to remedy the discriminatory

        actions and received no meaningful responses.  She even suggested a four part resolution for attempting to resolve the issue and this suggestion was not accepted by the school.

25. That by August 2017 the Plaintiff Dennis A. Verrett Jr. observed the school district was doing nothing to remedy the problem and prevent future problems causing him to move his personal residence to a new school district and start his minor child in a new school for the Fall of 2017 academic year.

26. On or about July 5, 2018, the Human Rights Division of the City of Saint Paul, Minnesota issues a memorandum of findings concluding their was probable cause for finding the Defendant school district had discriminated against both Plaintiffs finding the actions by the science teacher and the assistant principal were sufficiently severe and pervasive to create a hostile educational environment depriving the Plaintiffs of the benefit of an education.  See Exhibit A.

**Procedural Background**

27. The City of Saint Paul's Memorandum of Findings ("MOF") from July 5, 2018, is attached as Exhibit A, and incorporated by reference. Specifically, the City of Saint Paul concluded that Plaintiff Dennis A. Verrett, Jr.'s minor child is a member of a protected class, Defendant is responsible for harassing conduct based on Plaintiff daughter's race, the harassment was sufficiently severe to create a subjectively and objectively hostile environment and the harassment interfered with and obstructed with the ability of Plaintiff to fully participate in and enjoy the benefits of school.

28. The conciliation hearing scheduled on July 20, 2018, by the Saint Paul Department of Human Rights was unsuccessful.

29. The Saint Paul Department of Human Rights and Equal Economic Opportunity issued the RIGHT TO SUE letter to Plaintiffs on July 17, 2018. *See* Exhibit C.

**Count I: Violation of the Equal Educational Opportunities Act**

30. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint as if set forth in full herein.

31. The federal Equal Educational Opportunities Act of 1974 ("EEOA"), 20 U.S.C. § 1703, applies to the School District.

32. The EEOA provides in pertinent part:

> No State shall deny educational opportunity to an individual on account of his or her race, color, sex, or national origin 20 U.S.C. § 1703.

33. The School District is an educational agency under 20 U.S.C. § 1703 and 20 U.S.C. § 1720. Indeed, the EEOA expressly contemplates "local educational agencies," like the School District, in defining an "educational agency." *See* 20 U.S.C. §1720(a) and §1720(b).

34. The EEOA permits a private right of action. *See* 20 U.S.C. § 1706.

35. Through its actions, the School District has failed to provide an equal educational opportunity to Plaintiff's minor child T.S.V.

36. Because of the School District's failure to provide an equal education, Plaintiff's minor child has been denied equal educational opportunities on account of the child's race and color. As a result, Plaintiff's child has been denied an appropriate public education, has been denied the equal opportunity to learn the skills and

subject matter set forth for Minnesota schools, and has been denied the equal opportunity to reach the child's full learning and earning potential.

37. The School District's conduct violates the rights of Plaintiffs.

38. As a result of the School District's actions and inactions, Plaintiffs have suffered and will continue to suffer irreparable harm, including without limitation the loss of education and instruction time diminished educational and future employment opportunities, the loss of time and energy in seeking appropriate education.

39. Pursuant to the EEOA, Plaintiffs request declaratory and injunctive relief as set forth herein to remedy the School District's violation of their rights.

## Count II: Violation of Title VI of the Civil Rights Act of 1964

40. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint as if set forth in full herein.

41. Title VI of the Civil Rights Act of 1964 provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

42. Federal regulations promulgated under Title VI forbid the School District from utilizing methods of administration that subject individuals to discrimination because of race or color that have the effect of defeating or substantially impairing accomplishment of the objections of the program with respect to individuals of a particular race or color. See, e.g., 34 C.F.R. §§ 100.3.

43. As a recipient of federal funding, the School District is prohibited from

Discriminating against Plaintiffs, including by allowing employees to make statements regarding Plaintiff's child's race and color and by providing unequal education services on the basis of race and color.

44. Title VI permits a private right of action. *See* 42 U.S.C. § 2000c-8.

45. The School District has deprived and continues to deprive Plaintiffs of their right to an appropriate public education on the basis of their race and color.

46. By not taking appropriate remedial actions the School District has endorsed the conduct of its employees and has therefore acted intentionally or with deliberate indifference in discriminating against Plaintiffs.

47. As a result of the aforementioned actions, the School District's created a racially hostile educational environment in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d et seq.

48. Defendant failed in their duty to provide a nondiscriminatory educational environment for their students, and after being made aware of severe, pervasive and objectively offensive forms of intentional discrimination did nothing to remedy the situation.

49. Having been placed on notice of the discrimination, the School District acted with deliberate indifference and chose to ignore this notice, and in doing so facilitated and maintained a hostile educational environment which allowed the harassment, discrimination, hate and bias to be continued and ongoing.

50. As a direct and proximate cause of this hostile environment, Plaintiffs were harmed and damaged by, *inter alia*, being deprived of access to the educational benefits or opportunities provided by Defendant.

51. Plaintiffs request declaratory and injunctive relief as set forth herein to remedy the School District's violation of their rights under Title VI of the Civil Rights Act of 1964. Plaintiffs also seek recovery of compensatory damages.

**Count III: Violation of the Fourteenth Amendment of the U. S. Constitution**

52. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint as if set forth in full herein.

53. The equal protection clause of the Fourteenth Amendment of the United States Constitution provides that "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1.

54. Through its actions and inactions as alleged in detail herein, the School District has acted and continues to act in a manner that deprived Plaintiffs of the right to equal protection of the laws under the Fourteenth Amendment. In particular, as alleged in detail herein, the School District deprived Plaintiff's minor child of an appropriate education on the basis of race and color.

55. The due process clause of the Fourteenth Amendment of the United States Constitution provides that no State "shall … deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend XIV, § 1.

56. Students in Minnesota are entitled to receive an appropriate public education through the age of 21. See Minn. Stat. § 120A.20, subd. 1. This statutorily created right qualifies as a property interest protected by the due process clause of the Fourteenth Amendment.

57. Through its actions and inactions as summarized herein, the School District has deprived Plaintiffs of their constitutionally-protected property interest to an

appropriate public education without providing them with notice or a meaningful opportunity to be heard, in violation of procedural protections guaranteed by the due process clause. In particular, as alleged in detail herein, the School District deprived Plaintiff's minor child on the basis of race and color.

58. The Saint Paul Human Rights Division determined that the evidence demonstrated probable cause that the School District was discriminating against Plaintiff's minor child.

59. As a result of the School District's violation of their constitutional rights to equal protection and due process, Plaintiffs have suffered and will continue to suffer irreparable harm, including without limitation the loss of education and instruction time, diminished educational and future employment opportunities, the loss of time and energy in seeking appropriate education and instruction.

60. The School District is liable for violation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983.

61. Plaintiffs request declaratory and injunctive relief as set forth herein to remedy the School District's violations of their constitutional rights to equal protection and due process. Plaintiffs also seek recovery of compensatory damages.

**Count IV Violation of the Saint Paul Human Rights Ordinance**

62. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint as if set forth in full herein.

63. Section 183.02(9) of the Saint Paul Human Rights Ordinance (the "Ordinance") defines discrimination to include "all unequal treatment of any person by reason of race, creed, religion, color, sex, sexual or affectional orientation, national

origin, ancestry, familial status, age, disability, marital status or status with regard to public assistance." Saint Paul, Minn. Code § 183.02(9).

64. The Ordinance provides that it is unlawful to discriminate in any manner with respect to access to, or use or benefit from, the services and facilities provided by an education institution. Saint Paul, Minn. Code § 183.05(1).

65. The Ordinance permits a private right of action. See Saint Paul, Minn. Code §§ 183.02, 183.202.

66. Through its actions and inactions as summarized herein, the School District has discriminated against Plaintiff's minor child on the basis of race and color.

67. As a result of the School District's violation of the Ordinance, Plaintiffs have suffered and will continue to suffer irreparable harm.

68. As a result of the School District's violation of the Ordinance, Plaintiffs have also suffered compensable injuries, entitling Plaintiffs to compensatory damages.

69. Plaintiffs request declaratory and injunctive relief as set forth herein to remedy the School District's violation of the Ordinance. Plaintiffs also seek recovery of compensatory damages.

### Count V: Violation of the Minnesota Human Rights Act

70. Plaintiffs reallege and incorporate by reference each of the preceding paragraphs of this Complaint as if set forth in full herein.

71. The Minnesota Human Rights Act provides that "[i]t is an unfair discriminatory practice to discriminate in any manner in the full utilization of or benefit from any educational institution, or the services rendered thereby to any person because of race, color, creed, religion, national origin, sex, age, marital status, status with

regard to public assistance, sexual orientation, or disability, or to fail to ensure physical and program access for disabled persons." Minn. Stat. § 363A.13, subd. 1.

72. The Minnesota Human Rights Act authorizes a private right of action. See Minn. Stat. §§ 363A.28, 363A.33.

73. Through its actions and inactions as summarized herein, the School District has discriminated against Plaintiff's minor child on the basis of race and color with respect to the child's access to and benefit from appropriate public education.

74. As a result of the School District's violation of the Minnesota Human Rights Act, Plaintiffs have suffered and will continue to suffer irreparable harm, including without limitation the loss of education and instruction time, the loss of time and energy in seeking appropriate education, the loss of self-esteem and negative emotional impact.

75. As a result of the School District's violation of the Minnesota Human Rights Act, Plaintiffs have also suffered compensable injuries, entitling Plaintiffs to compensatory damages.

76. Plaintiffs request declaratory and injunctive relief as set forth herein to remedy the School District's violation of the Minnesota Human Rights Act. Plaintiffs also seek recovery of compensatory damages.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court:

1. Enter declaratory relief providing that the School District's actions and inactions, as described in this Complaint or proven at trial,

   violate (i) the EEOA, (ii) Title VI of the Civil Rights Act of 1964, (iii) the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, (iv) the Saint Paul Human Rights Ordinance, and (v) the Minnesota Human Rights Act.

2. Enter preliminary and permanent injunctive relief enjoining the School District cease violating applicable federal, state, and local laws, including implementing recommendations from state and local agencies.

3. Award Plaintiffs full compensatory damages for their claims that seek recovery of compensatory damages, in an amount to be determined at trial.

4. Award Plaintiffs costs, disbursements, interest, attorney fees, for their causes of action and for such further relief as the Court deems just and equitable. 42 U.S.C. § 1988, 29 U.S.C. § 794a(b), 42 U.S.C. § 2000e-5(k), and Minn. Stat. § 363A.33 subd. 7.

5. Appoint Plaintiffs' counsel to monitor the School District's implementation of the injunctive relief entered by this Court.

6. Retain jurisdiction over this matter until such time as the School District demonstrates full and ongoing compliance with applicable federal, state, and local laws.

7. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated:  August 28, 2018               JOSLIN & MOORE LAW OFFICES, P.A.


                                    /s/ Patrick B. Moore
                                     Patrick B. Moore, #252384
                                     Attorney for Plaintiffs
                                     221 NW Second Ave.
                                     Cambridge, MN  55008
                                     (763) 689-4101
                                     pbmoore@joslinmoore.com


Dated: August 28, 2018                STROOTMAN LAW OFFICE, P.L.L.C.


                                     /s/Gary W. Strootman
                                     Gary W. Strootman (#252414)
                                     Attorney for Plaintiffs
                                     5701 Shingle Creek Pkwy, Suite 110
                                     Minneapolis, MN  55430
                                     (612) 588-0488
                                     gary@strootmanlaw.com